## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**RICHARD LAWLER #54271**                                                    **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 1:12cv325-LG-JMR**

**LISA DODSON; ANDREW FRANZ;**
**and COUNTY OF HARRISON, MS**                                **DEFENDANTS**

### REPORT AND RECOMMENDATION

 This matter is before the Court pursuant to the Motion to Dismiss [10] filed by County of Harrison, Mississippi [Harrison County] and the Motion to Dismiss [20], or, in the alternative for Summary Judgment filed by Lisa Dodson [Dodson] on the basis of absolute prosecutorial immunity, and the Motion to Dismiss [40] filed by Andrew Franz [Franz]. Also pending before the Court are two motions for a more definite statement [30, 31] filed by Franz and a Motion for Production of Pleadings [39] filed by Franz. Having considered the Motions, along with the entire record and the applicable law, this Court recommends that the Motions to Dismiss are well-taken and should be granted. Accordingly, this Court recommends that the claims against each defendant advanced in this case should be dismissed. This finding renders Franz's motions for more definite statement and for production of pleadings moot, and the Court recommends that those motions also be denied as such.

### PROCEDURAL HISTORY

 Lawler was convicted of unlawful touching of a minor for lustful purposes in 1999. *Lawler v. State*, 770 So.2d 586 (Miss. Ct. App. 2000). Lawler's complaint alleges constitutional violations relating to this conviction. [1.] According to Harrison County, the statute of limitations has run on any claims connected to this event. [10, p. 2.] Harrison County also asserts that Lawler does not specify any acts causing injury or damages to him carried out by Harrison

County. [10, p. 3.]

Dodson asserts that any claim advanced against her is barred by the doctrine of absolute prosecutorial immunity, the statute of limitations and the principal of *Heck v. Humphrey*[1]. [21, p. 2.]

Franz contends that the plaintiff lacks subject matter jurisdiction to file this action, and the Court lacks personal jurisdiction over Franz. [40, p. 1.] Lawler responded to Franz's motion by asserting that Franz should have investigated the charges against him, and that if he had, Lawler would not have been convicted of the crime. [36, p. 2.] He contends that he was mentally impaired at the time of his trial and Franz should have asked for a mental evaluation. (*Id.*) He claims Franz never called any witnesses on his behalf during trial and provided ineffective assistance of counsel. [36, p. 3.]

## **ANALYSIS**

The Defendants advance several grounds for dismissal of this suit, each of which will be discussed below.

### I.    Statute of Limitations

In § 1983 actions courts should apply a state's residual statute of limitation for personal injury actions, rather than the statute of limitation for certain enumerated intentional torts. *Owens v. Okure,* 488 U.S. 235, 250 (1989). In Mississippi, the applicable statute is Miss. Code Ann. § 15-1-49, which provides for a three year limitation period. *Lawler v. Thaxton*, 2010 WL 4919505 (S.D. Miss.  2010) *aff'd sub nom. Lawler v. Mississippi Dep't of Corr.*, 448 F. App'x 450 (5th Cir. 2011). Lawler's conviction and sentence became final on November 21, 2000. *Lawler v.*

---

[1]512 U.S. 477 (1994).

2

*Abrams*, 2010, (S.D. Miss. 2010). Thus, his claims under 42 U.S.C. § 1983 are barred by the three year statute of limitations. The Court recommends that any § 1983 claim advanced against these defendants should be dismissed with prejudice. In the event these claims are not barred by the statute of limitations, the Court will examine the other grounds advanced for dismissal of this case.

II.     Application of *Heck* to Lawler's Claims

Lawler asserts in his complaint that his right to confront witnesses was denied during his trial because the prosecution did not bring Dr. Dorothy D. Nguyen as a witness to trial, and because the prosecution failed to bring in the MDOC custodian of records to determine his prior convictions. [1, p. 4.] He seeks "full exhoneration [sic] of this conviction and request a jury to determine monetary damage." (*Id*.) At the time of this incident, Dodson was the assistant district attorney who served as prosecutor in Lawler's criminal case. [21, p. 1.]

Dodson maintains that all of Lawler's claims for relief in this case are barred by *Heck*. A claim for monetary damages which challenges the plaintiff's conviction or imprisonment cannot be maintained as a § 1983 claim unless the conviction has been "reversed, expunged, invalidated or otherwise called into question." [21, p. 7, quoting *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).]

Lawler's damages claims are subject to dismissal under *Heck*. "The threshold question for a *Heck*-type analysis is whether a successful § 1983 suit would necessarily imply the invalidity of a criminal conviction." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). In *Heck*, the Supreme Court ruled that a state prisoner cannot bring a § 1983 damages action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–7. A section 1983 claim that effectively attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Id.* The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by the plaintiffs on convictions that are "still outstanding." *Id.*

Plaintiff's claims challenge the factual determination that underlies his conviction for unlawful touching of a minor for lustful purposes. Therefore, the Court finds that a judgment in favor of Plaintiff would imply the invalidity of his resisting arrest conviction, which has not been reversed, expunged, declared invalid, or called into question by a federal *habeas corpus* proceeding. *Heck*, 512 U.S. at 486-87; *see also DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007). *Heck* bars claims for "unconstitutional conviction or imprisonment" as well as claims "for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Id.* at 486. Unless his conviction has been overturned, which in this case has not occurred, a plaintiff cannot bring a section 1983 claim if prevailing on that claim would imply that his conviction was invalid. Thus, Plaintiff's damages claim in this case is barred by *Heck*.

In addition, any claims advanced by Lawler against Franz in connection with his representation of Lawler during his criminal trial which in essence allege ineffectiveness of counsel during Plaintiff's criminal trial in violation of his constitutional rights call into question

4

his conviction and are also barred by *Heck. Boyd v. Biggers,* 31 F.3d 279, 283 (5th Cir. 1994)

(*per curiam*) (dismissing, under *Heck,* a § 1983 claim that defendants had conspired to convict

plaintiff by providing ineffective assistance of counsel in plaintiff's criminal trial).

III.   Prosecutorial Immunity

Dodson asserts that she is entitled to absolute immunity for acts she performed as the

prosecutor in Lawler's criminal case. [21, p. 4.] Absolute immunity confers full exemption from

liability to certain officials including judges performing judicial acts within their jurisdiction,

and prosecutors in the performance of their official functions. *Yaselli v. Goff*, 275 U.S. 503

(1927); *O'Neal v. Mississippi Bd. of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997). Prosecutors

function as judicial officer, and are afforded absolute immunity for their conduct in "initiating a

prosecution and in presenting the State's case." *See Imbler v. Pachtman*, 424 U.S. 409, 430-1

(1976). Lawler's contentions regarding Dodson's actions in her decision about which witnesses

to call center on Dodson's method of presenting the criminal case for trial. Dodson was acting in

her prosecutorial manner when she did so and is entitled to absolute immunity. *McGruder v.

Necaise*, 733 F.2d 1146 (5th Cir. 1984). The Court concludes that any claims against Dodson

should be dismissed with prejudice.

IV.   Failure to State a Claim Against Franz

Based on the allegations of Lawler's complaint, it is unclear if Franz was hired by Lawler

to represent him in the criminal proceedings which are the bases of this civil action or if Franz

was appointed by the State of Mississippi to represent the Plaintiff; in either case, the Court finds

that Franz is not a state actor. *See Polk County v. Dodson,* 454 U.S. 312, 324–5 (1981)(holding

that a public defender is not a state actor for purposes of 42 U.S.C. § 1983 when performing a

lawyer's traditional functions as counsel to a defendant in a criminal proceeding). Accordingly, the Court finds that any claims against him brought under § 1983 in this case should be dismissed.

V.      Jurisdictional Claims

Franz contends that the Court lacks jurisdiction to decide Lawler's case. [40.] To begin, Lawler's claims against the individuals in their personal capacities are federal question or civil rights claims brought pursuant to 42 U.S.C. § 1983. Subject matter jurisdiction over these claims is authorized by 28 U.S.C. §§ 1331 & 1337. The court does have subject matter jurisdiction over this case.

Since there is no evidence that Franz currently resides in Mississippi, before the Court can exercise personal jurisdiction over him, Lawler must show that Franz purposely directed activities toward Mississippi or purposely availed themselves of the privileges of conducting activities in this state, and that Plaintiff's cause of action arose out of or resulted from Franz's forum-related contacts. *Nuovo Pignone, v. Storman Asia M/V,* 310 F.3d 374, 378 (5th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985)). Mississippi's long-arm statute provides that "[a]ny nonresident person ... who shall do any business or perform any character of work or service in this state, shall ... be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state." Miss.Code Ann . § 13-3-57. Since defendant Franz represented Lawler in his trial in the State of Mississippi, the Court concludes that personal jurisdiction is proper under Mississippi's long-arm statute.

The question thus becomes whether the exercise of jurisdiction comports with due process. "Under the Due Process clause, a court can constitutionally exercise personal

6

jurisdiction over a defendant if the defendant has 'minimum contacts' with the forum state, and the exercise of jurisdiction does not 'offend traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). It is well established that "[e]ven a single purposeful contact is sufficient to satisfy the due process requirement of minimum contacts when the cause of action arises from the contact." *Gardner v. Clark,* 101 F. Supp. 2d 468, 476 (N.D. Miss. 2000). At the time of this incident, Franz's actions were directly related to the issues Lawler claims violated his constitutional rights. Accordingly, the Court recommends that, for purposes of this lawsuit, the requirements for the exercise of personal jurisdiction over Franz are met. *See i.e. Vig v. Indianapolis Life Ins. Co.*, 384 F. Supp. 2d 975, 980 (S.D. Miss. 2005).

VI.    Remaining Motions

The Court recommends that Franz's motions for a more definite statement [30, 31] and a motion for production of pleadings [39] should also be denied as moot, because the Court recommends that any claims advanced against Franz should be dismissed.

In conclusion, Plaintiff's claims are not cognizable under § 1983, and the Court recommends that the claims against these defendants should be dismissed with prejudice.

Conclusion

Based on the forgoing analysis, this Court recommends that the motions to dismiss [10, 20, 40] filed by the Defendants for any claims brought against them under § 1983 should be granted. The Court further recommends that Franz's motions for a more definite statement [30, 31] and a motion for production of pleadings [39] should also be denied as moot.

In accordance with the Rules of this Court, any party, within fourteen days after being

served a copy of this recommendation, or by no later than November 15, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this Report and Recommendation was mailed to Lawler at his last known address by certified mail, return receipt requested.

THIS the 1st day of November, 2013.

_s/ John M. Roper, Sr._

CHIEF UNITED STATES MAGISTRATE JUDGE